UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:**
**08-60124-CIV-MORENO**

ALBERT   MOUSTAKIS   AND   JEANNETTE
MOUSTAKIS,

      Plaintiffs,

vs.

CITY OF FORT LAUDERDALE,

      Defendant.

_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING MOTION TO DISMISS

Plaintiffs Albert and Jeannette Moustakis ("the Plaintiffs") allege that the Defendant City of Fort Lauderdale ("the City") imposed an unconstitutionally severe fine upon them for failing to correct code violations on their property. The fine accumulated over a period of 14 years. The Plaintiffs brought suit to enjoin the City of Fort Lauderdale from enforcing the fine, or in the alternative, to lower the amount of the fine in proportion with the value of the property. The City moved to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. For the reasons stated below, the City's Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

The Plaintiffs brought this action against the City of Fort Lauderdale alleging that the City imposed an excessive fine violating Article 1, Section 17 of the Florida Constitution and the Eighth Amendment of the Constitution of the United States of America. The City imposed fines and administrative fees upon the Plaintiffs' property in excess of $700,000, culminating in a lien and foreclosure notice, though the value of the property was approximately $200,000. The fine accrued

over a 14-year period at a per diem rate of $150, during which the Plaintiffs did not correct the problems resulting in the fines.

## II.  STANDARD OF LAW

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff.  Glover v. Ligett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must have "enough facts to state a claim to relief that is plausible on its face;" if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed."  Id. at 1974.

## III.  ANALYSIS

Florida Statutes Section 162.09(1)(a) authorizes county or municipal code enforcement boards to levy fines and impose liens on property when an order of the enforcement board has not been complied with by the set time.  Further, the amount of the fine shall not exceed $250 per day for a first violation.  Fla. Stat. § 162.09(2)(a).  An imposed fine may continue to accrue until the violator comes into compliance or until judgment is rendered in a suit filed pursuant to this section, whichever occurs first.  Id. at § 162.09(3).

The legislature is responsible for determining the appropriate punishment for an offense.  U.S. v. Bajakajian, 524 U.S. 321, 118 S.Ct. 2028, 2037 (1998).  There is a strong presumption that the amount of a fine is not unconstitutionally excessive if it lies within the range of fines prescribed by the legislature.  U.S. v. 817 Ne. 29th Drive, Wilton Manors, Fla., 175 F.3d 1304, 1309 (11th Cir.

1999).  A statutorily authorized civil fine will not be deemed so excessive as to be cruel and unusual

unless it is so great as to shock the conscience of reasonable men or is patently and unreasonably

harsh and oppressive.  Locklear v. Fla. Fish & Wildlife Conservation Com'n, 886 So.2d 326, 329

(Fla. Dist. Ct. App. 2004), citing Amos v. Gunn, 94 So. 615 (Fla. 1922).

Nowhere does the legislature establish a cap on the amount of a fine imposed under Section

162 of the Florida Statutes.  In Town of Lake Park v. Grimes, the defendants accumulated per diem

fines from the Town totaling $464,914.19 due to continuing code violations, and the total amount of

the fines was in excess of three times the value of the property at issue.  963 So. 2d 940, 941 (Fla.

Dist. Ct. App. 2007).

The court did not decide that the fine in Grimes was excessive; nor shall this Court do so in

the present case.  The fine assessed in this case against the Plaintiffs was $150.00 per day.  The

Plaintiffs did not correct the problem for 14 years.  Moreover, the Plaintiffs do not dispute that the

code violations on their property are valid, that the fine issued for their violations is merited, or that

the per diem amount of the fine is reasonable.  They do not dispute that the total amount of the fine

is correctly calculated.  Instead, they essentially argue only that the total amount of the fine is

excessive to the level of unconstitutionality.

The Plaintiffs' attempt to distinguish the strong precedent establishing deference to the

legislature's role in determining fines for legal offenses is unavailing in this case.  In light of the

Plaintiffs' own lengthy period of neglect, the Court will not disregard the judgment of Florida's

legislature in devising the fines for property code violations and declining to cap the amount.  There

is no basis to find that the legislature's imposition of a per diem fine for failure to correct a problem

under the relevant provisions of the Florida Statutes is inappropriate.  This fine, considering that it

accrued over such a long period of time, does not shock the conscience of reasonable men and is not patently and unreasonably harsh and oppressive.  In fact, it would be contrary to reason and public policy to allow plaintiffs to evade responsibility simply by neglecting to (or deciding not to) pay fines for so long a period of time that the cumulative amount owed becomes large enough for such plaintiffs to argue unconstitutionally excessive punishment.  The Plaintiffs request the alternative relief of a "reduction of such fines to an amount commensurate with the property's value and the seriousness of the violations."  However, capping the fines would absolve the Plaintiffs of any responsibility for their continued neglect past the point at which they reached their hypothetical maximum fine amount.  The Court is similarly unconvinced by the Plaintiff's attempt to discount the gravity of their violation.

## IV.  CONCLUSION

Viewing the facts in the light most favorable to the Plaintiffs, the Court finds no legal basis for granting relief in this case.  The legislature has the authority to set fines for legal violations and the fines here are not grossly disproportionate.  The Plaintiffs have not cited legal authority or pled facts sufficient to state a claim upon which relief can be granted.  Therefore, it is

**ORDERED** that:

1.)  The City's Motion to Dismiss is **GRANTED**; and

2.)  This case is closed.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of May, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record